**INDEX TO EXHIBITS TO NOTICE OF REMOVAL OF ACTION UNDER
28 U.S.C. § 1441(b) DIVERSITY**

| Exhibit | Bates Number |
|---------|--------------|
| A | 000001 – 000022 |
| B | 000023 – 000024 |
| C | 000025 - 000027 |
| D | 000028 - 000030 |
| E | 000031 - 000032 |

# EXHIBIT A

1  THE OTTINGER FIRM, PC
   ROBERT W. OTTINGER (SBN 156825)
2  ANDREW MAILHOT (SBN 238956)
   535 Mission Street
3  San Francisco, CA  94105
   Phone:  (415) 262-0096
4  Fax:  (212) 571-0505
   Email: robert@ottingerlaw.com
5  andrew.mailhot@ottingerlaw.com

6  Attorneys for Plaintiff
   JUSTIN JUREK
7

8              SUPERIOR COURT OF CALIFORNIA

9             FOR THE COUNTY OF SAN DIEGO

10  JUSTIN JUREK,                          Case No.

11           Plaintiff,                    **COMPLAINT FOR**

12      vs.                                **DECLARATORY JUDGMENT**

13  PILLER USA, INC., a New York Corporation,  **UNFAIR COMPETITION**
    *d/b/a* PILLER POWER SYSTEMS; AND does
14  1 THROUGH 50,
                                           Complaint Filed:   November. 18 2020
15           Defendants.                   Trial Date:        None yet

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

Exhibit A
000002

**INTRODUCTION**

1.      Defendant Piller USA, Inc., *d/b/a* Piller Power Systems ("Piller" or "Defendant") is attempting to enforce various restrictive covenants against its former employee, Plaintiff Justin Jurek ("Mr. Jurek" or "Plaintiff") despite the fact that Mr. Jurek lived and worked exclusively in California during his employment with Defendant, despite the clear unenforceability of these restrictions under California's strong public policy prohibiting non-competes and similar restrictive covenants (including overbroad confidentiality/non-disparagement agreements).

2.      Defendant has threatened enforcement litigation both against Plaintiff and his new employer, Hitec Power Protection, Inc. ("Hitec").    Because Defendant's attempt to enforce the above-referenced restrictions against Mr. Jurek violate California law and public policy, Plaintiff is compelled to seek relief from this Court in the form of a declaratory judgment that the restrictive covenants in question are invalid, and further for injunctive relief prohibiting Defendant from seeking to enforce such restrictions against him.

**PARTIES AND JURISDICTION**

3.      Plaintiff Justin Jurek is an individual who was at all times during his employment with Defendant a resident of the state of California.  Mr. Jurek was employed by Defendant from November 2010 until on or about July 3, 2020 in the capacity of District Sales Manager – West Coast.  In that capacity, Mr. Jurek lived and worked in the State of California, both in Piller's Santa Clara, California office location as well as from his home in California.

///

///

///

///

///

Exhibit A
000003

4.      Mr. Jurek is currently employed by Hitec Power Protection, Inc., a Texas Corporation with offices and operations in California, in the capacity of Western Sales Director. As was his employment with Piller, Mr. Jurek's employment with Hitec is based in California. Mr. Jurek has worked for Hitec since July 6, 2020.  Hitec produces and sells diesel-powered rotary uninterruptible power supply ("UPS") units and makes backup power supplies used by customers that need alternate power sources to cover power outages and related issues.

5.      On information and belief, Defendant Piller USA, Inc. *d/b/a* Piller Power Systems is a corporation incorporated in the state of New York with headquarters at 45 Wes Warren Dr, Middletown, NY 10941-2047.  Piller has offices in California, including in Santa Clara, California, and regularly conducts business in California and makes sales to California customers. Piller produces and sells rotary and static non-diesel rotary UPS units (unlike the diesel product offered by Hitec), and also sells various backup power supplies.

6.      This Court has personal jurisdiction over Defendant pursuant to California Code of Civil Procedure Section 410.10 because Defendant regularly transacts business in the state of California and employed and/or employs residents of California, including Plaintiff.  Further, the subject matter of this dispute, including most notably Plaintiff's signing of his employment agreement and the performance of his job duties for Defendant, took place in the state of California.

7.      Venue is appropriate in this Court under Code of Civil Procedure Section 395(a) because Defendant does not reside in this state and Plaintiff designates this county as venue due to his having entered into the parties' agreement in this county and having performed the bulk of his work as an employee of Defendant in this county.

///

///

///

Exhibit A
000004

8.     This matter is ripe for adjudication because there exists an actual controversy between Plaintiff and Defendant regarding the enforceability of the restrictive covenants in the parties' employment agreement, such that the Court can provide definitive and conclusive relief by judgment.  The dispute between Plaintiff and Defendant is sufficiently concrete to make declaratory relief appropriate, and the withholding of judicial consideration would result in a hardship to the parties.

## FACTS

9.     On or about November 15, 2010, Mr. Jurek was hired by Piller in the role of District Sales Manager – West Coast.  As noted above, Piller produces and sells static and rotary non-diesel UPS units.  Piller also produces flywheel energy storage technology for critical power infrastructure applications.  At one point, Piller did have a diesel rotary UPS product, but on information and belief discontinued selling or marketed that product many years ago.  Instead, Piller offers customers a rotary UPS-only solution, and its customers must use a third party to provide backup diesel generation.

10.     At the time of Mr. Jurek's hire, and as a condition of said hire, Piller required Mr. Jurek to execute an "Offer Letter of Employment" ("Offer Letter" or "Agreement"), which Mr. Jurek did execute from his home in San Diego, California on November 15, 2010.  A true and correct copy of this Offer Letter is appended hereto as **Exhibit A.**  Of relevant note, Section Five (5) of the Agreement, which is titled "Confidentiality; Restrictive Covenants" purports to bind Mr. Jurek to numerous post-employment restrictions, including a "Non-Disclosure" provision, a customer "Non-Solicitation" provision, and a "Non-Compete."

11.     The Offer Letter specified that Mr. Jurek would work in Piller's California offices, and throughout the course of his employment with Piller Mr. Jurek did, in fact, work in California, either at Piller's Santa Clara offices or from his home in San Diego.

-4-
COMPLAINT

Exhibit A
000005

12.   On July 3, 2020, Mr. Jurek resigned from his employment with Piller.

13.   Thereafter, on July 6, 2020, Mr. Jurek was hired by Hitec Power Protection, Inc. Hitec produces and sells a rotary UPS that is tied to a backup standby engine offering the functionality of critical and standby power in a single product.  Hitec's UPS is an "all-in-one" product connected to a diesel generator with a coupling clutch, as opposed to Piller's product which requires an electronic connection to a third-party diesel generator.  Hitec hired Mr. Jurek in the role of Western Sales Director.

14.   On or about October 23, 2020, Piller sent Mr. Jurek a "cease and desist" letter in which Piller alleged that Mr. Jurek was in violation of Section 5 of the parties' Agreement. Piller's cease and desist letter specifically referenced the non-compete clause as well as the non-disclosure and non-solicitation provisions in the Agreement.  In this October 23, 2020 letter, Piller demanded that Mr. Jurek cease and desist the alleged violations of the parties' Agreement, and further threatened legal action against Mr. Jurek and Hitec.  The letter specifically referenced Piller's intent to seek compensatory and punitive damages, and to seek "appropriate injunctive relief" against Mr. Jurek and Hitec.

///

///

///

///

///

///

///

///

///

///

-5-
COMPLAINT

Exhibit A
000006

15. In subsequent communications with Mr. Jurek, Piller maintained a position consistent with that stated in its October 23, 2020 cease and desist letter, and reiterated its intent to take legal action against Mr. Jurek should he not abide by the restrictions contained in his Offer Letter.[1]

16. As a California resident and California employee of Piller, the parties' employment relationship was and is governed by the laws of the state of California.[2]

17. Except in limited circumstances (e.g. the sale of a business), California law declares "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." Cal. Bus. & Prof. Code §16600.[3]  A post-termination non-compete provision restricts employees in some way from practicing their trade.  So too does a non-solicitation provision.  Such provisions restrict trade, competition, and the free flow of information in the same manner as a non-compete agreement. Consequently, California law forbids these forms of restrictive covenants. *See, e.g., Edwards v. Arthur Anderson LLP* (2008) 44 Cal.4th 937, 949-950.

///

///

///

---

[1] The cease and desist letter also referenced restrictions contained in the "Trade Secrets and Proprietary Information Covenant and Non-Compete Agreement" which Mr. Jurek was required to sign as a condition of his employment with Piller on November 29, 2010.  For purposes of this Complaint, Plaintiff will refer collectively to these documents as the "Agreement." Attached hereto as **Exhibit B.**

[2] This is true irrespective of any choice of law or choice of venue provisions in the Agreement Mr. Jurek was forced by Piller to execute as a condition of his employment. *See, e.g., Application Group, Inc. v. Hunter Group, Inc.*, 61 Cal.App.4th 881, 902 (1st Dist. 1998) (invalidating foreign choice of law provision in dispute over post-employment non-compete); *see also Davis v. Advanced Care Techs., Inc.*, 2007 WL 2288298, at *7 (E.D. Cal. Aug. 8, 2007) (refusing to enforce a foreign choice of law provision in a non-compete agreement because doing so would violate California's public policy); California Labor Code Section 925 (statutory provision codifying California's refusal to enforce foreign choice-of-law or choice-of-venue provisions in most employment agreements).

[3] California's Cartwright Act likewise recognizes that post-termination non-compete agreements and confidentiality agreements are unlawful and void as against public policy.

-6-
COMPLAINT

Exhibit A
000007

18. Moreover, while there is an exception to Business & Professions Code Section 16600 for the protection of trade secrets, California Courts limit the applicability of this section to restrictions which are properly limited and tailored to the protection of trade secrets, as opposed to overbroad confidentiality provisions which either facially go beyond an employer's legitimate interest in protecting trade secrets or are applied by the employer in an attempt to restrict its former employee's ability to work for a competitor.

19. In spite of California's strong public policy prohibiting restraints on trade, and specifically prohibiting former employees from attempting to enforce non-compete, non-solicitation, and overly broad confidentiality restrictions against departing employees, Piller has taken the position that Mr. Jurek is bound by those provisions in the parties' Agreement, and has threatened legal action against Mr. Jurek in an effort to bind him to these restrictions and to obtain compensatory, punitive, and injunctive relief against him.

20. Piller's aggressive and unlawful attempts to enforce these unenforceable restrictions have interfered and threaten to continue to interfere with Mr. Jurek's ability to perform his duties as an employee of Hitec, and therefore to practice his trade.

21. Accordingly, Plaintiff files the instant declaratory relief and Unfair Competition action to obtain a judicial declaration regarding the parties' legal rights and obligations with respect to the restrictive covenants in question, and further to obtain an injunction prohibiting Piller from further attempts to enforce these unlawful restrictions on his future employment.

///

///

///

-7-
COMPLAINT

Exhibit A
000008

## FIRST CAUSE OF ACTION
## DECLARATORY RELIEF

22. Plaintiff adopts and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

23. An actual case or controversy exists over the enforceability of the restrictive covenants contained in the parties' Agreement, including, *inter alia*, the non-compete, non-solicitation, and confidentiality provisions of the parties' November 15, 2010 offer letter. Piller asserts that Mr. Jurek is bound by these provisions and is prohibited from soliciting Piller customers, prohibited from working for a competitor of Piller, and prohibited from utilizing Piller's "confidential" information as Piller broadly defines that information in the Agreement. Mr. Jurek contends that the restrictions contained in the Agreement are overbroad and/or void as a matter of public policy and therefore unenforceable as a matter of relevant (California) law. Piller has already made efforts to enforce its unlawful restraints on trade against Mr. Jurek and Hitec, including via threatened litigation.

24. Business and Professions Code § 16600 renders every contract in restraint of trade void. Further, Business and Professions Code §§ 17200 *et seq.* renders violations of Business and Professions Code § 16600 unfair and unlawful business practices.

25. California has a strong public interest in protecting California residents and employees from unlawful restraints on trade, including, *inter alia,* non-compete agreements, non-solicitation agreements, and overly broad confidentiality agreements.

26. California employees have a strong interest in having broad freedom to choose the employer and work of their choice. California has a strong interest in protecting against anti-competitive conduct from out-of-state employers, like Defendant, who would interfere with the freedom of Plaintiff and other California employees.

-8-
COMPLAINT

Exhibit A
000009

27. Accordingly, Plaintiff seeks a declaratory judgment finding that the restrictions contained in the Agreement are void and unenforceable, and that Plaintiff is free to work for Hitec (or any other competitor of Piller), is free to solicit Piller customers, and is free to utilize anything which does not constitute a trade secret of Piller in the process of competing with Piller, in accordance with the above facts and law.

28. Plaintiff further seeks an order enjoining Defendant from taking any action that infringes in any way with this privilege.  Such action that must be enjoined includes the threatened or actual enforcement of any unlawful restraint of trade, including those restrictions contained in Section 5 of the Offer Letter, in the Trade Secrets And Proprietary Information Covenant, and in the Non-Compete Agreement.

## SECOND CAUSE OF ACTION
## UNFAIR COMPETITION

29. Plaintiff adopts and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

30. Business and Professions Code § 16600 renders every contract in restraint of trade void.

31. Business and Professions Code § 17700 *et seq*. renders violations of business & Professions Code § 16600 an unfair and unlawful business practice.

32. California has a strong interest in protecting employee mobility and protecting California residents against restraints on trade which would threaten said employee mobility.

33. By threatening litigation against Plaintiff and Hitec, Defendant has engaged in unfair competition in accordance with the above facts and law.  Defendant's unlawful and unfair competition has caused and/or threatens to cause Plaintiff to lose money or suffer other injury in fact.  Accordingly, Defendant's conduct must be enjoined.

-9-
COMPLAINT

Exhibit A
000010

1

**PRAYER FOR RELIEF**

2 WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

3     1. Declaratory Judgment as set forth above;

4     2. Appropriate injunctive relief ancillary to said declaratory judgment, as set forth above;

5     3. Appropriate injunctive relief under California's unfair competition law, as set forth above;

6     4. An award of reasonable attorneys' fees and costs;

7

8     5. All such other and further relief that the Court may deem just and proper.

9 JURY TRIAL DEMANDED

10

11 Dated: November 18, 2020            THE OTTINGER FIRM, PC

12

13                              By: /s/ Andrew Mailhot

14                                 ANDREW MAILHOT
                                Attorneys for Plaintiff

15                                 Justin Jurek

16

17

18

19

20

21

22

23

24

25

26

27

28

-10-
COMPLAINT

# EXHIBIT A



**PILLER**
Power Systems

November 15, 2010

Mr. Justin Jurek
1220 Vienna Drive Spc 472
Sunnyvale, CA

Subject:  Offer Letter of Employment ("Offer Letter")

Dear Justin,

We would like to take this opportunity to offer you the position of District Sales Manager – West Coast with Piller USA, Inc. (working from Piller's office location in Santa Clara, California) subject to the terms and conditions listed below.  The normal duties are detailed in the attached job description.

1. Reporting      You will report directly to the Vice President of Sales.

2. Start Date     Your start date will be November 29, 2010 which will consist of an initial 90 day training period.

3. Base Salary            annual, paid bi-weekly; to be reviewed in 3 months.

You will receive a car allowance of $900 per month paid via payroll with the first payroll of month.  Allowance is paid in arrears.

Sales Incentive Plan – To be discussed.

4. Benefits       The following are the current benefits offered by the Company for employees of your level.  The Company reserves the right to modify or change these benefits at any time at the sole discretion of the Company.  The descriptions of the benefits contained in this Offer Letter of employment are summaries only and the true details of the benefits are contained in the plans or policies themselves.

{00025320}

Piller USA, Inc.
45 Turner Drive
Middletown, NY 10941-2047
USA

T: 845 695 6609
T: 800 597 6937
F: 845 695 6692
www.piller.com

A Langley Holdings Company



| | |
|---|---|
| A. Medical Insurance | On joining the Company, you will be eligible to join the Meritain medical insurance plan after 90 days of employment. This includes medical, vision and dental. There is a $25 per week contribution for a family plan, and $10 for an individual plan. |
| B. Retirement Plan | You will be eligible to join the Company's 401(k) plan immediately. The company will match employee contributions up to 3% of eligible earnings. This plan is more particularly described in the Summary Plan Description available upon request. |
| C. Leave | You will be entitled to all public holidays observed by the Company. |

Vacation time begins accruing immediately, but you may not take vacation until employed by the Company for six (6) months. Vacation will accrue based on a calendar year as follows:

1st year – up to 2 weeks pro rata
2 – 7 years – 2 weeks
8 – 15 years – 3 weeks
over 15 years – 4 weeks

You will be eligible for up to five (5) paid sick days each calendar year (prorated for partial years). You may not take a sick day with pay until employed by the Company for six (6) months.

You will be eligible for up to two (2) paid personal days per calendar year (prorated for partial years). You may not take a personal day with pay until employed by the Company for six (6) months.

| | |
|---|---|
| D. Life Insurance | You will be eligible for Company paid group life insurance equal to 3 times your annual base salary (with a maximum of $250,000) after you have been employed for 3 months. |

{00025320}

A Langley Holdings Company



**PILLER**
Power Systems

| | |
|---|---|
| E. Travel Accident Insurance | You will be eligible for Company paid group travel accident insurance to protect you while on company business which will pay up to 3 times your annual base salary based upon the conditions of the policy (maximum $300,000). Eligibility is immediate. |
| F. Short-term Disability | You will be eligible for Company paid group short term disability insurance designed to provide income for you when you are absent from work for more than seven calendar days due to non-occupational illness. Eligibility begins after 25 days. |
| G. Long-term Disability | You will be eligible after 3 months of employment for Company paid group long-term disability insurance. Coverage begins after 6 months of disability and continues until 65 years of age. Benefits paid are at 2/3 of base salary. |
| H. Travel and Expenses | When required to travel on company business, expenses will be reimbursed pursuant to the Company's expense reimbursement plan. |
| 5. Confidentiality; Restrictive Covenant | Non-Disclosure: The Employee acknowledges that, in the course of the Employee's affiliation with the Company, the Company will provide certain training and other benefits to the Employee, and that the Employee will have access to certain confidential or proprietary information ("Confidential Information") that, even though it may be contributed, developed or acquired in whole or in part by the Employee, is the Company's exclusive property to be held by the Employee in trust and used solely for the Company's benefit. Confidential Information includes but is not limited to information regarding current or former customers, customer lists and records, and any information relating to the business affairs, finances, trade secrets, pricing, or any information concerning the Company or any of its dealings or transactions or affairs, business methods and practices of the Company, marketing strategies of the Company and |

{00025320}

A Langley Holdings Company



such information as the Company may designate from time to time as being confidential to the Company. Confidential Information also includes details of rates of services offered by the Company, including all information in the Company's data base.

The Employee agrees that the Company's Confidential Information belongs to the Company, that Employee shall not copy Confidential Information without the Company's consent, and in any event, shall restore any material containing Confidential Information and not use any Confidential Information for the Employee's personal purposes or the purposes of others but solely to advance the interests of the Company. Except as required by law, the Employee shall not, at any time, either while an Employee or subsequent to withdrawal, use, reveal, report, publish, copy, transcribe, transfer or otherwise disclose to any person, any Confidential Information without the prior authorization of the Company.

Upon the Employee's withdrawal from the Company, the Employee shall promptly deliver to the Company all the Company's property and possessions including all drawings, manuals, letters, notes, notebooks, reports, copies, deliverable Confidential Information and all other materials relating to the Company's business which are in the Employee's possession or control

Non-Solicitation: The Employee acknowledges that any customers with whom Employee interacts in the course of the Employee's affiliation with the Company, regardless of the manner in which they first came to the Employee, are the customers of the Company. The Employee shall acquire no proprietary, ownership or other right in or to such customers or in the goodwill associated with them. The Employee further agrees that upon the Employee's termination of employment with the Company for any reason or for no reason, the Employee will not solicit any such customers of the Company and that such customers shall remain the customers of the Company. Further, the Employee shall not, directly or indirectly: (i) solicit business which disturbs, or could reasonably be

{00025320}

A Langley Holdings Company



expected to disturb, the existing relationship between any customers and the Company; or (ii) use the name of the Company in any advertising or announcement materials.

Non-Compete:   The Employee acknowledges that it would be impossible for the Company to maintain its business or to provide Confidential Information to Employee if the Employee were to use such information, or solicit the Company's customers and appropriate the Company's good will, so as to compete with the Company following termination of this employment relationship.  Accordingly, the Employee covenants that, if the Employee shall cease to be an employee of the Company for any reason or for no reason, then, in addition to the general obligation not to solicit customers, the Employee will not, for a period of two (2) years after his employment ceases (said period to be extended by any period of violation or period of time required for litigation to enforce this covenant), engage as an owner, employee or otherwise in a business that competes with the Company in a capacity the same or similar to that which Employee is employed pursuant to this Offer Letter.

Damages:  The Employee agrees that, in the event of a breach of any of these restrictions contained in this paragraph 5, it would be difficult to assess actual damages, but that any such breach would cause unquantifiable and irreparable harm and significant injury to the Company.  The Employee agrees that in the event of a breach of any of these restrictions, the Company shall have no adequate remedy at law.  As such, the Company shall have the right, in addition to any other remedy, to apply to a court of competent jurisdiction to enjoin such breach.  The Employee agrees that in any action brought by the Company for injunctive relief, the Employee waives the giving of an undertaking.

Modification of Restrictions:  If any restrictions contained in this paragraph 5 shall be deemed by a court of competent jurisdiction to be invalid, illegal or unenforceable by reason of the extent, duration,

{00025320}



geographical scope or other provision thereof, then the court making such determination shall reduce such extent, duration, geographic scope or other provision thereof, and in its reduced form, such restriction shall then be enforceable in the manner contemplated hereby.

Acknowledgement: The Employee acknowledges that the restrictions contained in this Section 5 are reasonable and should the Employee become subject to said restrictions as a result of the termination of employment for any reason or for no reason, the Employee will be able to earn a living without violating said restrictions.

**6. PROPERTY**

The Employee hereby agrees to deliver on termination of his employment with the Company, or at any time before termination, at the request of the Company all papers, documents, keys, credit cards and any property including the Employer's vehicles, computers, including information stored on a computer or any other data or information of any kind including copies of all of the above or any such information belonging to the Employer. The Employee agrees to sign an agreement upon request that all such property has been duly returned.

**7. AT WILL EMPLOYMENT**

Nothing set forth in this Offer Letter, the accompanying job description or any employee manuals provided by the Company, shall change the at will nature of your employment relationship with the Company.

**8. NEW YORK LAW**

Employee understands that the Company is headquartered at 45 Turner Drive, Middletown, New York, 10941-2047. Employee understands and agrees that this contract is not valid until signed and accepted below by the Company at Middletown, New York. The parties also agree that this Offer Letter of employment will be governed by the laws of the State of New York without regard to its conflict of laws provisions and that any litigation brought about or arising out of employee's employment with the Company or this Offer Letter shall be brought in the courts of the State of New York for Orange County and the venue shall be in Orange County, New York.

{00025320}

A Langley Holdings Company



This offer is contingent upon successful completion of the drug screen and reference checks which will be done by the Company in due course.

This offer is valid provided that it is accepted by you signing below, returned to the Company and received by November 17, 2010.

I look forward to your acceptance and you joining our team here at Piller USA, Inc.

Best Regards,

Sandra Piazza
Human Resource Manager

Please confirm your acceptance by signing below:

_____        11/15/10
Name                ( Justin Jurek )        Date _____

Accepted by Piller USA, Inc.

BY:_____        _____
Its:                Date

Enclosures:-

    1.  Job Description

{00025320}

A Langley Holdings Company

Exhibit A
000019

# EXHIBIT B

## TRADE SECRETS AND PROPRIETARY
## INFORMATION CONVENANT AND
## NON-COMPETE AGREEMENT

THE UNDERSIGNED, an employee of PILLER, INC., a corporation having it's principal place of business located at 45 Turner Road, Middletown, New York ("Piller") acknowledges that during the course of my employment by Piller that I may have revealed to me or become aware of trade secrets and other information of a proprietary nature concerning Piller. I understand that such information includes, but may not be limited to, customer lists, price and commission schedules, marketing strategies, and information of a technical nature which is not otherwise made public. To that end, I agree that I will not disclose at any time during my course of employment with Piller not at any time thereafter, any such trade secret to any third party.

I further agree that immediately upon termination of my employment with Piller I will return to Piller any and all writings of any kind or nature which I may have in my possession relating to my employment and to the business of Piller, including, but not limited to, all customer lists, price and commission lists, programs, notebooks, workbooks, work papers, drawings, specifications, manuals, reports and any other written material which may have come into my possession during the course of and as a result of my employment whether directly or indirectly.

I further agree that any trade secrets, inventions, improvements, patents, patent applications, copyrightable materials, programs, systems, or novel techniques or the like, which in any way relate to the activities of Piller, conceived, devised, developed or otherwise obtained by me during the entire period of me employment, whether in the course of my employment or otherwise, shall be and become the property of Piller and I agree to give Piller reasonably prompt notice of my conception, invention, authorship, development or acquisition of any such trade secret, invention, improvement, patent, patent application, copyrightable material, program, system or novel techniques (herinafter referred to as "novel ideas") and agree to execute at Piller's expense such instruments of transfer, assignment, conveyance or confirmation

and such other documents, as may reasonably be required by Piller to transfer, confirm and perfect Piller in Piller all legally protectible rights in any such "novel ideas" without further consideration.

In the event that either the time period or geographic area stated within this agreement is determined by a court of competent jurisdiction to be overbroad in any manner, the agreement shall be modified as to be a reasonable period of time and geographic area to the maximum extent permitted.

I further understand that this agreement is not to be considered as a contract of employment for any specific period of time, nor to alter in any way the at-will nature of the employment relationship.

In the event if any of the above restrictions are determined to be contrary to any law or regulation or otherwise unenforceable, such determination shall not affect the remainder of this agreement.

This agreement shall be governed by and construed with in accordance with the laws of the State of New York. Notwithstanding any other remedy or right which Piller may have, in the event of a breach of this agreement, I agree that Piller shall have the right to obtain an injunction or restraining order issued by a Court of competent jurisdiction enjoining any such breach or threatened breach. I further agree that the Supreme Court of the State of New York, Orange County or the United States District Court for the Southern District of New York, is such a Court of competent jurisdiction and I do hereby consent that jurisdiction and venue of any such action may be in said Court no matter where I may reside or be employed.

This agreement may only be modified by the express written consent of both parties.

Dated: 11/29/10

Signature

In the presence of: