# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN JUREK,<br><br>                                    Plaintiff,<br><br>v.<br><br>PILLER USA, INC., et al.,<br><br>                                    Defendants. | Case No.:  21-CV-150 W (KSC)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE COMPLAINT, OR ALTERNATIVELY, TO TRANSFER THE ACTION [DOC. 5]** |

Defendant Piller Power Systems Inc. ("Defendant") moves to dismiss the Complaint, or alternatively, transfer the case to the United States District Court for the Southern District of New York.  Plaintiff opposes.

The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1(d)(1).  For the reasons stated below, the Court **GRANTS** the motion to dismiss [Doc. 5].

//

//

# I.  BACKGROUND

Plaintiff Justin Jurek was employed by Defendant Piller USA, Inc., in the role of West Coast District Sales Manager from approximately November 29, 2010, until July 3, 2020, when he resigned.  (*Compl.* [Doc. 1-2] ¶ 9.)  Throughout his employment with Defendant, Plaintiff was a California resident and worked for Defendant in California.  (*Jurek Decl.* [Doc. 13-2] ¶ 3.)

As part of his employment, Plaintiff signed Defendant's "Offer Letter of Employment" ("Employment Agreement").  (*Jurek Decl.* ¶ 3; *Employment Agreement* [Ex. 1].)  The Employment Agreement outlined the terms and conditions of Plaintiff's employment, including his salary, job responsibilities, and benefits.  (*Jurek Decl.* ¶ 3; *Employment Agreement* § 3–4.)  In addition, the Employment Agreement included a New York state choice of law and venue provision, as well as a customer non-solicitation and two year non-compete clause.  (*Employment Agreement* § 5, 8.)

In October of 2016, Defendant acquired a Texas-based maker of data center power infrastructure equipment.  (*Jurek Decl.* ¶ 19.)  As part of this acquisition's integration, Defendant provided Plaintiff a new Sales Incentive Plan ("SIP") in 2017.  Plaintiff alleges this new SIP materially modified the Employment Agreement by significantly increasing the bonus compensation and reducing the eligibility threshold.  (*Jurek Decl.* ¶ 10–11; Ex. B [Doc 13-2].)  Defendant issued further revised SIPs in 2018 and 2019, both of which Plaintiff alleges further modified the terms and conditions of his bonus compensation.  (*Jurek Decl.* ¶ 10-11; Ex. D [Doc. 13-2] and E [Doc. 13-2].)  Finally, in late 2019 or early 2020, Defendant reverted to its previous bonus structure, which maintained significantly higher eligibility requirements and thereby forced sales employees to engage in "elephant hunting" for large, short term deals.  (*Jurek Decl.* ¶ 15.)

On July 3, 2020, Plaintiff resigned from his position with Defendant.  (*Jurek Decl.* ¶ 16.)  On July 6, 2020, Plaintiff accepted an offer for employment from Hitec Power Protection Inc. as their Western Sales Director.  (*Id.*)

2

On October 23, 2020, Defendant sent Plaintiff a "cease and desist" letter alleging that Plaintiff was violating the restrictive covenant section of the Employment Agreement by virtue of his employment with Hitec. [Doc. 5-5, Ex. D.]

On November 18, 2020, Plaintiff filed suit in San Diego Superior Court seeking declaratory judgment and unfair competition regarding Defendant's threatened legal action over the restrictive covenant section of the parties' Employment Agreement.

On January 27, 2021, Defendant removed the case to this Court. That same day, Defendant filed a lawsuit in the Supreme Court of the State of New York, Orange County based on the same circumstances alleged in this case. See Piller Power Systems, Inc. v. Justin Jurek, Index No. EF000616-2021.[1]

On January 28, 2021, Plaintiff removed Defendant's New York State Court suit to the District Court for the Southern District of New York ("S.D.N.Y.).

On February 3, 2021, Defendant filed the instant motion to dismiss or transfer this case because the forum selection clause in the Employment Agreement requires any litigation arising out of Plaintiff's employment with Defendant be brought in the courts of the State of New York in Orange County. (*P&A* [Doc. 5].)

On February 12, 2021, Plaintiff filed a notice of related cases in the Southern District of New York and a request to stay that case. The Southern District of New York granted Plaintiff's request to stay pending resolution of the present motion.

## II.   DISCUSSION

Defendant's motion is based on the forum selection clause in the Employment Agreement requiring any litigation arising out of Plaintiff's employment with Defendant

---

[1] Defendant requests judicial notice of documents related to the New York action as well as Federal Court Management Statistics [Doc. 5-4]. These documents are properly subject to judicial notice under Federal Rules of Evidence sections 201(a) and (b).

be brought in New York.  Plaintiff argues that Section 925 of the California Labor Code renders the forum selection clause null and void.

## A.    THE VALIDITY OF THE FORUM SELECTION CLAUSE

Section 925 states, in relevant part:

> (a) An employer shall not require an employee who primarily resides and works in California, as a condition of employment, to agree to a provision that would do either of the following:
> (1) Require the employee to adjudicate outside of California a claim arising in California.
> (2) Deprive the employee of the substantive protection of California law with respect to a controversy arising in California.
> (b) Any provision of a contract that violates subdivision (a) is voidable by the employee, and if a provision is rendered void at the request of the employee, the matter shall be adjudicated in California and California law shall govern the dispute.

Cal. Lab. Code § 925.  Section 925 is not retroactive and applies "to a contract entered into, modified, or extended on or after January 1, 2017."  Cal. Lab. Code § 925(f).

Defendant does not contend that the forum selection clause does not violate either section 925(a)(1) or 925(a)(2).  Instead, Defendant argues that section 925 is inapplicable because the Employment Agreement was entered into in 2010, prior to the enactment of section 925.  However, Plaintiff argues the Employment Agreement was modified by post-2017 SIPs, thereby bringing it into section 925's applicable time period.[2]  The Court agrees.

---

[2] Defendant argues that the SIPs are inadmissible because they were not included in the Complaint.  However, in ruling on a 12(b)(3) motion, the Court can look beyond the pleadings to determine if venue is proper.  Argueta, 87 F.3d at 324.  Further, a court must necessarily weigh evidence outside the pleadings when conducting 1404(a) analysis.  See Carolina Casualty Co. v. Data Broadcasting Corp., 158 F. Supp. 2d 1044, 1049 (N.D. Cal. 2001) ("To demonstrate inconvenience of witnesses, the moving party must identify relevant witnesses, state their location and describe their testimony and its relevance."); Pinnacle Fitness & Recreation Mgmt., LLC v. Jerry & Vickie Moyes Family Tr., No. 08-CV-1368 W (POR), 2009 WL 10664872, at *9 (S.D. Cal. Sept. 8, 2009) ("Without proof of where the relevant witnesses reside, the testimony they will provide at trial, and that the witnesses are unwilling to

Plaintiff's compensation was governed by the Employment Agreement, which, in turn, referenced a SIP. The SIP set forth the performance goals needed for bonus eligibility and the amounts of any bonus Plaintiff would receive. (*Jurek Decl.* ¶ 5.) Because the SIP was incorporated into the Employment Agreement, the changes to the SIP necessarily modified the Employment Agreement. Because these modifications took place after 2017, they triggered Plaintiff's right under section 925 to void the forum selection clause. On the facts presented here, the forum selection clause in Plaintiff's 2010 Employment Agreement was voidable under section 925.

### B. MOTION TO DISMISS PURSUANT TO RULE 12(B)(3)

Having found the forum selection clause void, the Court must now address Defendant's petition to dismiss this case. A motion to dismiss for improper venue is governed by Rule 12(b)(3). "Rule 12(b)(3) allows dismissal only when venue is 'wrong' or 'improper.'" Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas, 571 U.S. 49, 50 (2013). "An action filed in a district that satisfies 28 U.S.C. § 1391 may not be dismissed under Federal Rule of Civil Procedure 12(b)(3)." Id. 55–56. Because "a substantial part of the events or omissions giving rise to the claim occurred" in and around San Diego, the Southern District of California is a proper venue under section 1391(b)(2). Since venue is proper, Defendant's motion to dismiss pursuant to Rule 12(b)(3) is **DENIED**.

### C. 1404(A) TRANSFER ANALYSIS

Having found the forum selection clause unenforceable and venue proper, the Court must assess Defendant's motion to transfer under the 1404(a) factors. Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of

---

travel to [the chosen forum]; [the defendant] has failed to demonstrate that this factor weighs in favor of transfer[.]"). Defendant's objections to the declaration of Justin Jurek [Doc. 14-1] are therefore denied.

justice," a case may be transferred "to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The statute, therefore, requires (1) that the district to which a transfer is proposed is one in which the action could have originally been filed, and (2) that the transfer is for the "convenience of the parties and witnesses, in the interest of justice." Id. Factors considered in evaluating the second requirement include: plaintiff's choice of forum; connection between the plaintiff's claims and the forum; convenience of the witnesses, particularly non-party witnesses; ease of access to the evidence; familiarity with the applicable law; feasibility of consolidation with other claims; and any local interest in the controversy. See Williams v. Bowman, 157 F.Supp.2d 1103 (N.D. Cal. 2001); Saleh v. Titan Corp., 361 F.Supp.2d 1152 (S.D. Cal. 2005). The moving party bears the burden to show that these factors favor transfer to another venue. Commodity Futures Trading Comm'n v. Savage, 644 F.2d 270, 279 (9th Cir. 1979). A transfer will not be granted where the effect would simply be to shift or equalize the inconvenience. Pacific Car & Foundry Co. v. Pence, 403 F.2d 949, 955 (9th Cir. 1968); Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986) (in affirming district court's denial of venue transfer, court stated "transfer would merely shift rather than eliminate the inconvenience.)

### 1. Plaintiff's Choice of Forum

In evaluating whether to transfer venue, the importance given to the plaintiff's choice of forum will vary. "[T]he plaintiff's choice of forum is usually accorded 'substantial deference' in the venue analysis." Reiffin v. Microsoft Corp., 104 F.Supp.2d 48, 52 (D.D.C. 2000). This is particularly true where the plaintiff has chosen his home forum. Bratton v. Schering-Plough Corp., 2007 WL 2023482, at * 4 (D. Ariz. July 12, 2007). However, where the operative facts "have not occurred within the forum and the forum has no interest in the parties or subject matter, [plaintiff's] choice [of forum] is entitled to only minimal consideration." Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987).

California is Plaintiff's home forum and many of the operative facts occurred here. Plaintiff's current employment with Hitec, a central issue to the present litigation, also takes place in California. Accordingly, this factor weighs heavily against transfer.

### 2. Connection Between Plaintiff's Claims and the Forums

This case involves a breach of contract. The Employment Agreement at issue was presented by Defendant from New York and executed by Plaintiff in California. Defendant argues the New York Action is pending and this case can be consolidated with that one, which is broader and includes trade secrets and unfair competition claims that are not part of this action. However, that action has been stayed pending resolution of this motion and the inclusion of other claims does not erase the fact that the majority of the events at issue took place in this forum. This is a case involving alleged solicitation of West Coast customers by a California employee. The majority of Plaintiff's work and his subsequent employment with Hitec, the basis for Defendant's claims against Plaintiff, took place in this district. This factor weighs against transfer.

### 3. Convenience of Third-Party Witnesses

Defendant's argument as to this factor is that "SDNY is more convenient to [Defendant] and its witnesses." (*Reply* 16–17.) However, the majority of relevant third-party witnesses—such as employees of Defendant and Hitec or their customers serviced by Plaintiff—likely reside in California or other Western states. This factor weighs against transfer.

### 4. Familiarity with Governing Law

Defendant contends that because the Employment Agreement is "governed by the laws of the State of New York," New York courts are better suited to apply New York law. (*P&A* 19:5–6.) In response, Plaintiff points out that the same concerns underlying the enforceability of a forum selection clause apply to a contract's choice-of-law provision. Specifically, Plaintiff argues that Defendant's attempt to apply New York law violates California's strong public policy affording employees the protection of

California law.  As such, Plaintiff argues, California law applies and California is better suited to adjudicate a dispute under its laws.

Because the Court is not tasked in this motion with deciding which state's law applies, this factor is neutral regarding transfer.

### 5. Ease of Access to Evidence

Neither party directly addresses this factor beyond the discussion surrounding witnesses.  Accordingly, this factor is neutral regarding transfer.

### 6. Interests of the Two Forums

Defendant contends New York has a compelling interest in protecting the bargained for rights of its residents, where Defendant has its corporate headquarters and principle place of business.  (*Compl.* 18:28-19:3.)  Although true, this factor is mitigated to the extent that Defendant also maintains offices in California and continues to do business in the state.  Further, California has strong public policies requiring disputes between employers and California employees be litigated in California and prohibiting restraints on trade.  See Cal. Lab. Code § 925; Cal. Bus. & Prof. Code § 16600.  Under these circumstances, the Court finds this factor weighs against transfer.

In summary, none of the factors weigh in favor of transferring and only the familiarity of the governing law and ease of access to evidence factors are neutral.  In contrast, the strongest factor—Plaintiff's choice of forum—weighs heavily against transfer.  As does the conduct giving rise to Plaintiff's claims, convenience of the non-party witnesses and the interests of the two forums.  Accordingly, the Court finds the balance of factors disfavors transfer to New York.

### D. ATTORNEY FEES

Plaintiff asks for an award of reasonable attorney's fees spent in opposition to this motion.  California Labor Code section 925 does allow an employee to recover his or her attorney's fees in defense of an attempt to enforce a choice-of-forum provision.  See Cal. Lab. Code § 925(c).  However, Defendant had a reasonable basis to bring the motion and

"the courts are loath to award attorney's fees in the absence of bad faith or unreasonableness." Yeomans v. World Fin. Grp. Ins. Agency, Inc., No. 19-CV-00792-EMC, 2019 WL 5789273, at *9 (N.D. Cal. Nov. 6, 2019). Plaintiff's request for attorney's fees is denied.

## III.    CONCLUSION & ORDER

For the reasons set forth above, the Court **DENIES** Defendant's motion to dismiss for improper venue, or alternatively, transfer the case to the United States District Court for the Southern District of New York [Doc. 5].

**IT IS SO ORDERED**.

Dated:  July 13, 2021

Hon. Thomas J. Whelan
United States District Judge